UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civ. Action No. |
| Plaintiff, ) | 05-11677DPW |
| ) | HON. DOUGLAS P. WOODLOCK |
| v. ) | |
| ) | |
| THE MEGUNTICOOK FUND, L.P. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION
FOR AN ORDER APPROVING THE FORM AND MANNER OF NOTICE
TO CLAIMANTS AND ESTABLISHING A CLAIMS BAR DATE**

In support of the Motion of the U.S. Small Business Administration, as Receiver for The Megunticook Fund, L.P. for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, the Receiver states as follows:

By Order dated August 22, 2005, this Court appointed the U.S. Small Business Administration as Receiver (the "Receiver") for The Megunticook Fund, L.P. ("The Fund"). Pursuant to the specific power vested in this Court by 15 U.S.C. § 687c, Rule 66 of the Federal Rules of Civil Procedure, and its general equity powers, this Court is authorized to prescribe the form and manner of notice to claimants and to establish a claims bar date in order to begin the process of winding up this receivership. The procedures are those derived from receivership practice under common law, <u>see</u> 3 Clark, Law of Receivers 652 (1959 & Supp. 1968-69), and are recognized as applicable in federal courts pursuant to Rule 66 of the Federal Rules of Civil Procedure.

After reviewing The Fund's files and records over the course of the receivership,

the Receiver is confident that it has identified potential claimants who may have claims against The Fund. It is to those persons or entities that Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be mailed. As an additional safeguard, and in an effort to provide notice to potential claimants now unknown to the Receiver, the Receiver also proposes publishing notice, in the form of Exhibit "A" to the proposed Order. The Receiver proposes to publish this notice once each week for two calendar weeks in *The Boston Herald*, a newspaper of general circulation serving the Boston, Massachusetts metropolitan area. The Receiver believes that these publications are most likely to reach and to be read by persons or entities who might assert claims against The Fund or the receivership estate[1].

    If the Court approves these procedures and enters the proposed order, the proposed "claims bar date" will afford all potential claimants at least thirty (30) days from the time notice is given during which to submit their claims to the Receiver. Because this receivership has been pending approximately two (2) months, knowledge of the receivership is widespread among those persons or entities which had in the past, or continue to have at present, a business relationship with The Fund. Thus, knowledge of the receivership should come as no surprise to any potential claimant who has exercised reasonable diligence in pursuing its claims.

Moreover, the publication of notice procedure recommended here is intended to provide any claimant unknown to the Receiver who has not yet come forward with one last opportunity to submit a claim.

---

[1] Massachusetts is the state in which The Fund has had its most significant contacts. The Fund is organized in the State of Delaware. Its principal place of business at the time this Receivership was instituted and at all times prior thereto was located in Boston, Massachusetts, and this Court is located in Massachusetts. Lastly, The Fund extended its investments and loans from its office located at Boston, Massachusetts. Therefore, publication in a newspaper of general circulation in the Boston area is warranted.

The Receiver proposes to inform the Court of any and all claims it has received through the claims bar date procedure. The Receiver also proposes to review all the claims received, negotiate with the claimants and attempt to settle all claims subject to the Court's approval. In the event that a claimant and the Receiver are unable to resolve a dispute over a claim, the Receiver proposes to move this Court for summary disposition of the dispute. Such procedures will afford claimants with a fair process for resolving their dispute of the Receiver's recommendation of their claim, while enabling the Receiver to begin the process of winding up this receivership proceeding.

The imposition of a "claims bar date" is necessary so that the Receiver can recommend, subject to the Court's approval, a plan to distribute The Fund's assets to all creditors who have rendered timely claims without fear that other claimants might later appear to assert claims against The Fund or the receivership estate. The claims bar date process is also necessary as an integral step, not only for the marshaling of assets, but for the eventual termination of the receivership. Therefore, the Receiver is asking this Court to impose a permanent injunction as part of this "claims bar date" mechanism to prevent persons or entities from asserting such tardy claims[2].

In substance, the Receiver asks the Court to approve the following means of giving notice to potential creditors of, or claimants against, The Fund:

(1) Following the entry of an Order in connection with this Motion, the Receiver will send notice, in the form of Exhibit "A" to the attached proposed Order, via first-class mail, postage prepaid, to each of the

---

[2] While the imposition of a claims bar date seeks to forever bar untimely claims, the District Court, as the receivership court, always retains the discretion to both allow late claims to be filed against a receivership estate and to rule on a receiver's recommendations of the late claim. See Chicago Title & Trust v. Fox Theatres Corp., 91 F.2d 907, 911 (2nd Cir. 1937).

      persons or entities, other than the U.S. Small Business Administration and parties contracted by the U.S. Small Business Administration as Receiver, believed by the Receiver, its counsel and agents, to be creditors, agents, former directors or officers, employees, partners, participant investors or lenders with The Fund, portfolio concerns or limited partners of The Fund, and to any other persons or entities who have, during the term of the receivership, asserted a claim of whatever kind or nature against the receivership, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver;

and

(2)    Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be published once each calendar week for two weeks in *The Boston Herald*, a newspaper of general circulation.

In addition, the Receiver asks the Court to (1) set the "claims bar date" as thirty (30) days from the last date of notice by publication, and (2) enjoin all persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, from asserting, pursuing or prosecuting any claims not submitted to the Receiver in the required form on or before that date. Thus, as described above, the Receiver asks that any claims not submitted to the Receiver's agent in writing on or before the "claims bar date," be thereafter permanently barred and discharged. As agent for receipt of any written claims, the Receiver requests that the Court direct persons or entities to file such claims with the

receiver, c/o Christine M. Rishty, Principal Agent for SBA, Receiver for The Megunticook Fund L.P., 666 11th Street, N.W., Suite 200, Washington, D.C. 20001, Telephone (202) 504-2244.

    For the reasons set forth above, the Receiver asks that its Motion be granted and that the attached proposed order setting procedures for notifying claimants against the receivership estate

and setting the "claims bar date" be entered.

                              Respectfully submitted,

                              MICHAEL SULLIVAN
                              UNITED STATES ATTORNEY

Dated: October 13, 2005        By: /s/_____
                              RAYFORD A. FARQUHAR
                              Assistant United States Attorney
                              United States Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              Telephone: (617) 748-3100
                              Facsimile: (617) 748-3971
                              Email:rayford.farquhar@usdoj.gov

Dated: October 13, 2005        By: /s /Arlene Embrey_____
                              ARLENE M. EMBREY
                              Trial Attorney
                              U.S. Small Business Administration
                              409 Third Street, S.W., 7th Floor
                              Washington, DC  20416
                              Telephone: (202) 205-6976
                              Facsimile: (202) 481-0324
                              Email:arlene.embrey@sba.gov