UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,) ) Plaintiff, ) v. ) ) THE MEGUNTICOOK FUND, ) L.P. ) ) Defendant. ) _____) | Civ. Action No. 05-11677DPW HON. DOUGLAS P. WOODLOCK |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER GRANTING LEAVE TO PROCEED WITH THE MARKETING AND SALE OF SBA'S PREFERRED LIMITED PARTNERSHIP INTEREST IN THE MEGUNTICOOK FUND, LP OR THE MEGUNTICOOK FUND LP'S ASSET PORTFOLIO**

The United States Small Business Administration ("SBA") as Receiver (the "Receiver") for The Megunticook Fund, LP ("Megunticook"), in support of its motion for entry of an Order granting the Receiver leave to proceed with the marketing and sale of (1) the preferred limited partnership interest in Megunticook held by SBA, the federal agency or (2) Megunticook's entire portfolio of assets, the Receiver states as follows:

On August 22, 2005, this Court entered an order ("the Receivership Order") appointing SBA as Receiver for Megunticook. Paragraph One of the Receivership Order authorizes the Receiver to sell or transfer the interest of SBA and/or other limited partners in Megunticook as long as the Receiver obtains the express written consent from the party whose interest is to be sold. (Docket No. ¶ 2). <u>Affidavit of Thomas G. Morris</u>, ¶4 (hereinafter "Morris Affidavit"), attached hereto as Exhibit A and incorporated by reference herein. In accordance with Megunticook's Limited Partnership Agreement ("LPA"), SBA, in its capacity as a federal agency, is the holder of a preferred limited

partnership interest ("the Interest") evidenced by various equity instruments referred to as Participating Securities.  <u>Morris Affidavit</u>, ¶5.  By letter dated October 9, 2005, the United States Small Business Administration, a federal agency, through a duly authorized representative, gave its express written authorization for the Receiver, and/or its authorized agents, to market and sell the Interest in Megunticook provided the purchase price was at least $6.2 million.  <u>Morris Affidavit</u>, ¶6.  A true and correct copy of the October 9, 2005 letter is attached hereto as Exhibit B and incorporated by reference herein.  By Agreement dated October 31, 2005, the Receiver and a third party venture capital fund entered into a Purchase and Sale Agreement ("the Agreement") for the sale of the Interest. The negotiated purchase price is $6.2 million. <u>Morris Affidavit</u>, ¶7.

    In an effort to obtain the highest and best price for SBA's preferred limited partnership interest, the Receiver engaged a private firm to market the terms of the Agreement to a group of qualifying, sophisticated investors subject to the respective investor's execution of an approved Non-Disclosure Agreement ("NDA").  <u>Morris Affidavit</u>, ¶8.  Concurrently, the signatories to the Agreement are in the process of obtaining permission from Megunticook's private limited partners ("LPs") for approval of an amended LPA allowing, among other things, for any purchaser of the Interest to replace SBA as a limited partner of The Megunticook Fund, LP subject to certain terms and conditions.

    Prospective bidders and potential purchasers to whom the Interest and terms of the Agreement have been marketed are required to conduct their own due diligence on the asset portfolio of Megunticook. If they choose to proceed, these entities will then be required to submit competing bids against the Agreement and will be required to accept

the identical terms and conditions of the Agreement. All competing bids must, at a minimum, equal 110% of the purchase price ($6.2 million) negotiated in the Agreement. Morris Affidavit, ¶9. In the event there is a competing bid that meets these requirements, that party will be required to submit its best and final offer within ten (10) business days after notification by the Receiver. The signatory to the original Agreement will also be given the opportunity to increase their offer for the Interest. After the final and best offers are received, the Receiver will announce the highest bidder and will then proceed to close the sale with that party as the prospective purchaser. Morris Affidavit, ¶10. A condition precedent to closing with any party will be final confirmation and approval by this Court of the highest bidder as the purchaser of the Interest. In the event no objections to the proposed sale are received and no competing bids are received, the Receiver will seek the Court's leave for permission to close the transaction without necessity of an order confirming the proposed sale. Morris Affidavit, ¶11.

The process the Receiver plans to undertake is similar to that undertaken by federal receivers when conducting private sales of real property in accordance with 28 U.S.C. §2001(b). Morris Affidavit, ¶12. Under the terms of that statute, a private sale of real property shall not be confirmed "if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a ten (10) percent increase over the price offered" by the original prospective purchaser. Although publication is also required under the statute governing a federal receiver's private sale of real property, the Receiver has determined that the marketing effort proposed herein is sufficient in that the Agreement will be marketed to a limited pool of sophisticated investors in conformance with the laws governing the sale and transfer of securities. Morris Affidavit, ¶13. While

an order confirming this type of sale is not required by statute or under the Receivership Order, the confirmation process will resolve any valid objections to the process prior to closing as all parties and entities that took place in the marketing and sales process will be served by the Receiver with the approval and confirmation pleadings.  Morris Affidavit, ¶14.

The Receiver is also requesting that this Court approve the provision of the Agreement that allows a party to make a competing bid solely for the entire asset portfolio of Megunticook as opposed to SBA's limited partnership interest.  The Agreement specifically provides for purchase of the entire portfolio of Megunticook's assets in order to avoid the piecemeal liquidation of assets and additional cost and delay, both of which would be detrimental to the receivership estate. Morris Affidavit, ¶15.

The Receiver believes that the Agreement, and the process for receiving competing bids described in the Agreement are in the best interest of the receivership estate. Morris Affidavit, ¶16. The sales process that is the subject of this motion and the bar date process, which the Receiver has moved this Court to approve (Docket No. 4), are two major undertakings that the Receiver must complete in order to carry out its duties under the Receivership Order and terminate the receivership estate in an expeditious and cost effective manner.  Once the Receiver is successful in closing the deal negotiated in the Agreement and once the claims bar date process is completed, the Receiver will move this Court to begin the process of winding down and terminating the receivership estate. Morris Affidavit, ¶17.

For the foregoing reasons, the Receiver respectfully requests that this Court grant the Receiver's motion and enter an order  granting the Receiver leave to proceed with  the

marketing and sale of (1) the preferred limited partnership interest in Megunticook held by SBA or (2) Megunticook's entire portfolio of assets.

                                              Respectfully submitted,

                                              MICHAEL SULLIVAN
                                              UNITED STATES ATTORNEY

Dated: November 4 , 2005          By: /s /_____
                                                    RAYFORD A. FARQUHAR
                                                    Assistant United States Attorney
                                                    United States Court House
                                                    1 Courthouse Way, Suite 9200
                                                    Boston, MA 02210
                                                    Telephone: (617) 748- 3100
                                                    Facsimile: (617) 748- 3971
                                                    Email:rayford.farquhar@usdoj.gov

Dated: November 4 , 2005          By: /s/ Arlene M. Embrey_____
                                                    ARLENE M. EMBREY
                                                    Trial Attorney
                                                    U.S. Small Business Administration
                                                    409 Third Street, S.W., 7th Floor
                                                    Washington, DC  20416
                                                    Telephone: (202) 205-6976
                                                    Facsimile: (202) 481-0324
                                                    Email:arlene.embrey@sba.gov