## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **05-11677 DPW** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE MEGUNTICOOK FUND, L.P.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## RECEIVER'S MOTION FOR ENTRY OF AN ORDER APPROVING THE RECEIVER'S NOTICE AND DETERMINATION OF CLAIMS

The United States Small Business Administration ("SBA"), as Receiver

("Receiver") for The Megunticook Fund, L.P. ("Megunticook"), hereby moves this Court

for entry an order approving and confirming the Receiver's Notice and Determination of

Claims Received in Response to the Claims Bar Date ("Notice and Determination"),

submitted with the Memorandum of Law filed simultaneously herewith, and adopting the

Receiver's recommendations for the disposition of claims received.

The Motion and the Notice and Determination of Claims are being filed by the

SBA as Receiver of Megunticook, in accordance with paragraph 7 of the Order entered

by this Court on November 1, 2005 (the "Bar Date Order")(Docket No. 6), which directs

the Receiver to submit its report of claims to this Court and to seek summary disposition

of the claims, and to furnish a copy of the moving papers to each claimant.  However, as

the Receiver has not recommended the denial of any claim, the proposed Order filed

simultaneously herewith does not provide for a summary procedure to resolve any

disputed claim.

WHEREFORE, the Receiver respectfully requests this Court grant this Motion

and enter the proposed Order filed simultaneously herewith.


Respectfully submitted,

U.S. Small Business Administration as
Receiver for The Megunticook Fund, L.P.


Dated: 2/23/06                By:    /s/ Arlene M. Embrey
                                     ARLENE M. EMBREY
                                     Trial Attorney, SBIC Litigation/Liquidation
                                     Office of General Counsel
                                     U.S. Small Business Administration
                                     409 Third Street, S.W., 7th Floor
                                     Washington, D.C. 20416
                                     Telephone:   (202) 205-6976
                                     Facsimile:   (202) 481-0324
                                     Email:  arlene.embrey@sba.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2006, copies of the foregoing Motion, Memorandum in Support, and attached Receiver's Notice and Determination of Claims Received in Response to the Claims Bar Date, and (Proposed) Order, were served by first class mail, postage prepaid, upon the following individuals and entities listed on Exhibit 1:

Christine Rishty

**Exhibit 1 – Service List**


Mr. Francis Kingsley
Kingsley Business Service
8D Pleasant St South
2nd Floor
South Natick, MA 01760

RE:  William P Egan 1985 Childrens Trust F/B/O
Gregory J. Egan


Mr. Francis Kingsley
Kingsley Business Service
8D Pleasant St. South
2nd Floor
South Natick, MA 01760

RE:  William P. Egan 1985 Childrens Trust F/B/O
William P. Egan, III.


Mr. Francis Kingsley
Kingsley Business Service
8D Pleasant St. South
2nd Floor
South Natick, MA 01760

RE:  William P. Egan 1985 Childrens Trust F/B/O
Kristin E. Reed


Mr. Francis Kingsley
Kingsley Business Service
8D Pleasant St. South
2nd Floor
South Natick, MA 01760

RE:  William P. Egan 1985 Childrens Trust F/B/O
Mark P. Egan

Mr. Trygve Myhren
Myhren Media
280 Detroit Street
Cherry Creek North
Suite 200
Denver, CO 80206

RE:  Trygve Myhren

Mr. Jack Clifford
Providence Journal Broadcast & Cable Group
6221 East Vista Drive
Scottsdale, AZ 85253

RE:  The Clifford Family, LLC

Mr. Pierce Jackson Roberts, Jr.
621 Ocean Club Court
Amelia Island, FL 32034

RE:  Pierce Jackson Roberts, Jr.

Mr. James Stern
15 Edgemont Road
Larchmont, NY 10538

RE:  James A. Stern

Mr. Stephen Hamblett
66 Williams Street
Providence, RI 02906

RE:  Hamblett Long Range Partnership

Mr. Theodore Ashford
Ashford Capital Management
One Walker's Mill Rd.
Wilmington, DE 19807

RE:  Theodore H. Ashford, Jr.

1

Mr. Frederick D. Ballou
Loring, Wolcott and Coolidge
230 Congress Street
12th Floor
Boston, MA 02110

RE:  Frederick D. Ballou

Mr. Frederick D. Ballou
Loring, Wolcott and Coolidge
230 Congress Street
12th Floor
Boston, MA 02116

RE:  Augustus P. Loring Residue Trust U/Agreement
Dated May  1, 1965

Mr. Erik Borgen
Borgen Investment Group, Inc.
44 Cook Street, Suite 609
Denver, CO 80206

RE:  Bjorn K. Borgen

Mr. Alexander Webb, III
S & Co
50 Congress Street
Boston, MA 02109

RE:  Hill & Co.

Mr. Lawrence Coolidge
c/o Mr. Frederick Ballou
Loring, Wolcott & Coolidge
230 Congress Street
12th Floor
Boston, MA 02110

RE:  Lawrence Coolidge

Mr. James Cownie
Bankers Trust Company
c/o Mindy Nussbaum-Bell
665 Locust Street
Des Moines, IA 50304

RE:  Bankers Trust Company, N.A. of Des Moines,
Iowa as Custodian F/B/O James S. Cownie IRA

Mr. Thomas Domencich
429 So. Beach Rd.
Hobe Sound, RI 33455

RE:  Condor Partners, L.P.

Mr. William P. Egan
Alta Communications
200 Clarendon Street
51st Floor
Boston, MA 02116

RE:  William P. Egan

Mr. Dean Ericson
Bortz Sports & Media Group
4582 S. Ulster Street
Suite 1450
Denver, CO 80237

  RE:  Dean R. Ericson

Mr. Christopher Gaffney
Great Hill Partners
One Liberty Sqaure
13th Floor
Boston, MA 02109

  RE:  Christopher S. Gaffney

Mr. Michael N. Garin
DigitalConvergence Corp.
49 Moore Road
Bronxville, NY 10708

  RE:  Torunn A. Garin

Mr. Bruce Gendelman
The Bruce Gendelman Company
Attn:  Karen Zastrow
10335 N. Port Washington Road
Suite 200
Mequon, WI 53092

  RE:  Gendelman Family Partnership

Mr. Max Gendelman                        Mr. John Goddard
8595 No. Seneca Rd.                       140 Montair Court
Milwaukee, WI 53217                       Danville, CA 94526

RE:  Max Gendelman                        RE:  Goddard Revocable Trust dated January 13, 1997

Mr. Edward Grace
Grace Venture Partners
Suntrust Center
200 South Orange Avenue
Suite 1850
Orlando, FL 32801

RE:  Grace Associates

Mr. Benjamin P. Harris
Edwards & Angell, LLP.
2800 Financial Plaza
Providence, RI 02903

RE:  Benjamin P. Harris, III.

Mr. Robert F. Higgins
One Chestnut St., #2A
Boston, MA 02108

RE:  Robert F. Higgins

Mr. James R. Houghton
c/o Marianne Young
Market Street Trust Company
80 E. Market Street
Suite 300
Corning, NY 14830

RE:  James R. Houghton 12/10/34 Trust

1

Mr. James R. Houghton
c/o Marianne Young
Market Street Trust Company
80 E. Market Street
Suite 300
Corning, NY 14830

RE:  James R. Houghton

Mr. Michael C. Jackson
177 Sabbaday Lane
Washington Depot, CT 06794

RE:  Michael C. Jackson

Mr. Henry Ames
189 Hale Street
Beverly Cove, MA 01915

RE:  Henry Ames

Mr. David  B. Jenkins
17 Fairway Lane
Box 206
Duxbury, MA 02331

RE:  David B. Jenkins

Mr. Scott Jones
Escient, Inc.
1150 W. 116th Street
Carmel, IN 46032

RE:  Scott A. Jones

Ms. Nancy Kissam
4 Woodchester Road
Wellesley Hills, MA 02481

RE:  Nancy Kissam

Mr. Jefferey Kukes
16410 Maddalena Place
Delray Beach, FL 33446

RE:  Jefferey Kukes Trustee FBO   Scott Elwood
Kukes UAD 9/29/82

Mr. Jeffrey Kukes
16410 Maddalena Place
Delray Beach, FL 33446

RE:  Jeffrey Kukes Trustee FBO   Andrew Jonathan
Kukes UAD 9/29/82

Mr. Jefferey Kukes
16410 Maddalena Place
Delray Beach, FL 33446

RE:  Jefferey Kukes Trustee FBO   Jefferey Kukes
UAD 7/20/79

Mr. Ludwig Kuttner
c/o Pam Stevens
P.O. Box 359
Keene, VA 22946

RE:  K Holdings, LLC

Ms. Marie J. Langlois
254 Wayland Street
Providence, RI 02906

RE:  Marie J. Langlois IRA

Mr. Harry T. Lewis, Jr.
105 Southmoor Drive
Denver, CO 80220

RE:  Harry T. Lewis, Jr.

Mr. Peter B. Loring
c/o Mr. Frederick Ballou
Loring, Wolcott & Coolidge
230 Congress Street
12th Floor
Boston, MA 02110

RE:  Peter B. Loring

Mr. Paul Maeder
92 Hayden Avenue
Lexington, MA 02142

RE:  Paul A. Maeder & Gwill E. York

Mr. Shawn Street
Silicon Valley Bank Capital
3000 Sand Hill Road
Building 3, Suite 150
Menlo Park, CA 94025

RE:  Silicon Valley Bancshares

Mr. John Nelson
Two Avery Street
South Tower,36 D
Boston, MA 02111

RE:  John M. Nelson

Mr. James Owen
30 Bayberry Road
Lexington, MA 02421

RE:  James M. Owen

Mr. & Mrs. Anthony Perry
TGP Property Management
P.O.Box 4400
Vail, CO 81658

RE:  Anthony & Teressa Giguere Perry

Mr. Gregory Sacco
29 Bellevue Aveune
Rumson, NJ 07760

RE: Maria Kerbs Sacco

Mr. Normand F. Smith
Perkins, Smith & Cohen
One Beacon Street
Boston, MA 02108

RE: Normand F. Smith

Mr. Michael Stanley
PO Box 180
Pottersville, NJ 07979

RE:  Michael C. Stanley

Mr. Michael Stanley
1680 Black River Road
Pottersville, NJ 07979

RE:  Stanley Three Trusts Partnership

Mr. Michael B. Stubbs
Lyon, Stubbs & Tomkins
777 Third Avenue
18th Floor
New York, NY 10017

RE:  Michael B. Stubbs

Mr. Jack Thompson
JD Edwards
1536 Elk View Road
Larkspur, CO 80118

RE:  JVB Private Equity, LLC

Mr. William N. Thorndike
Housatonic Partners
111 Huntington Avenue
Suite 2850
Boston, MA 02199

Mr. John W. Wall
106 Prospect Street
Providence, RI 02906

RE:  John W. Wall

RE:  Thorndike Investment Partners

Ms. Doreen Biebosch
JDJ Resources
31 Milk St.
Suite 401
Boston, MA 02109

RE:  J.H. Walton, Jr.

Mr. Paul Whyte
Manasett Corporation
22 Parsonage Street
Providence, RI 02903

RE:  HMS Jane

Ms. Daphne W. Scalamandre
343 Chicken Valley Road
Upper Brookville, NY 11545

RE:  Daphne W. Scalamandre

Ms. Kathryn Heminway
"Winds Eye"
289 South Cross Road
Chatham, NY 12037

RE:  Kathryn Wilmerding

1

Mr. Henry D. Sharpe
30 Projac Point Rd.
North Kingston, RI 02852

RE:  Henry D. Sharpe, Jr. Revocable Trust

Mr. Bayard Henry
3 Center Plaza
Room 410
Boston, MA 02108

RE:  Bayard Henry

2

Mr. Henry A. Wilmerding
5641 Northern Blvd.
East Norwich, NY 11732

RE:  Henry A. Wilmerding, III.

Mr. Bruce Gendelman
The Bruce Gendelman Company
Attn: Karen Zastrow
10335 N. Port Washington Road
Mequon, WI 53092

RE:  Bruce Gendelman

Mr. Patrick R. Wilmerding
Private Signals
120 Water Street
5th Floor
Boston, MA 02109

RE:  Blue Hill Investment Management

Mr. Stewart Turley
1465 South Fort Harrison
Suite 201
Clearwater, FL 33756

RE:  Turley Family Trust, Ltd.

Mr. Eliot Wadsworth
Housatonic Partners
111 Huntington Avenue
Suite 2850
Boston, MA 02116

RE:  Auchincloss, Wadsworth & Co. L.P.

Mr. Bayard Henry
3 Center Plaza
Rm 410
Boston, MA 02108

RE:  Bayard Henry

Mrs. Patsy Psaledakis
338 Kent Avenue
Kent Field, CA 94904

RE:  Patsy W. Psaledakis Revocable Trust DTD
6/16/1999 FBO Patsy W. Psaledakis

Mr. Francois de Saint Phalle
1107 5th Avenue
6-N
New York, NY 10128

RE:  Francois de Saint Phalle

Mr. James D. Houghton
Att: Maryanne Young
80 E. Market Street
Suite 300
Corning, NY 14830

RE:  James D. Houghton

Lynne Anderson
Megunticook Management, LLC
143 Newbury Street
6th Floor
Boston, Massachusetts 02116

Mr. Steven Petrucci
Falcidian, LLC
103 Foulk Road
Suite 101
Wilmington, DE 19803
RE:  Theodore H. Ashford, Jr.

Mr. Rob Balogh
Balogh & Tjornehoj
600 S. Cherry st.
#210
Denver, CO 80246-

RE:  Bjorn K. Borgen

Mr. James Cownie
1011 Locust Street
Suite 309
Des Moines, IA 50309-

RE:  Bankers Trust Company, N.A. of Des Moines,
Iowa as Custodian F/B/O James S. Cownie IRA

Mr. James Kittler
JDJ Resources
31 Milk Street
Suite 401
Boston, MA 02109-

RE:  Robert F. Higgins

Mr. Tim O'Brien
O'Brien & Assoc, LLC
10 Kearney Rd
Needham, Ma 02494-

RE:  Paul A. Maeder & Gwill E. York

Mr. Tom Post
Independence Advisors, Inc
3700 Woodward Ave
Bloomfield, MI 48304-

RE:  Michael C. Stanley

Mr. Tom Post
Independence Advisors
3700 Woodward Ave
Bloomfield Hills, Mi 48304-

RE:  Stanley Three Trusts Partnership

Mr. Dave Shuman
Sullivan, Shuman & Friedberg, LLC
3 Tech Circle
Natick, MA 01760-

RE:  J.H. Walton, Jr.

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **CIVIL ACTION NO.** |
| Plaintiff, ) | **05-11677 DPW** |
| ) | |
| v. ) | |
| ) | |
| THE MEGUNTICOOK FUND, L.P. ) | |
| ) | |
| Defendant. ) | |

## RECEIVER'S NOTICE AND DETERMINATION OF CLAIMS RECEIVED IN RESPONSE TO THE CLAIMS BAR DATE

### I. INTRODUCTION

Pursuant to this Court's Order entered November 1, 2005 ("Bar Date Order"), the

U.S. Small Business Administration ("SBA"), as Receiver ("Receiver) for The

Megunticook Fund, L.P. ("Megunticook"), solicited claims against Megunticook, the

receivership estate, and assets or funds in the possession of the Receiver. The Receiver's

solicitations were made by direct mailings of the Notice of the claims bar date to known

prospective claimants, and by publication of the notice once each week for two weeks in

*The Boston Herald*. A true copy of the Affidavit of Publication of the Notice is attached

as Exhibit A hereto and incorporated by reference herein, and is submitted for filing with

the Court.

The Bar Date Order and Notice pursuant thereto, required all claims to be submitted

to Christine M. Rishty, Principal Agent for the Receiver, by the claims bar date of

December 30, 2005.   In response to the Receiver's solicitations, no claim was received

on or before the claims bar date. No other claims have been received as of the date of this Notice.

In accordance with paragraph 7 of the Bar Date Order and paragraph 5 of the Memorandum in Support of Receiver's Motion for an Order Approving Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, the Receiver submits this report to the Court, and recommend that it establish the priority of administrative expenses of the receivership estate, the United States Small Business Administration's ("SBA's") preferred limited partnership interest in Megunticook, and the Private Limited Partnership Interests in Megunticook.

## II. RECEIVERSHIP BACKGROUND

Megunticook was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Small Business Investment Act of 1958, as amended (the "Act"). Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs.  SBA has promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").  Megunticook's SBIC License Application contains an acknowledgment that it would be operated in accordance with the Act and the Regulations.

On or about August 12, 2005, the United States, on behalf of the SBA, filed a Complaint against Megunticook based on Megunticook's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, due to determination that Megunticook failed to cure a condition of Capital Impairment, as that term is defined under the Regulations.  The Court, being duly advised of the merits, and upon the consent of SBA

and Megunticook, entered a Consent Judgment and Order (hereinafter referred to as the "Receivership Order") on August 22, 2005.

Pursuant to its Receivership Order, this Court took exclusive jurisdiction of Megunticook and all of its assets, and appointed the SBA as permanent Receiver for the purpose of liquidating all of Megunticook's assets and satisfying claims of creditors in the order of priority as determined by this Court (Receivership Order, ¶ 1).

### III. NOTICE AND RECOMMENDED PRIORITY OF CLAIMS

Listed below, in the Receiver's recommended order of priority, is a description of the administrative claims of the receivership estate, the SBA's Preferred Limited Partnership Interest in Megunticook, the Private Limited Partnership Interest in Megunticook, and the Receiver's recommendations as to the disposition thereof.

### A.   ADMINISTRATIVE CLAIMS

Paragraph 10 of the Receivership Order directs that all administrative expenses expended by the Receiver to operate the receivership estate, and then any Receiver's Certificates of Indebtedness which may be issued by the Receiver, shall have priority over all other claims of the receivership estate. Administrative claims are paid on a current basis. All presented and due invoices for administrative expenses have been paid to date. The Receiver has issued no Receiver's Certificates of Indebtedness to date.

### B.   SBA's CREDITOR CLAIM FOR SECURED NOTES RECEIVABLE

SBA provided debt financing to Megunticook, evidenced by six (6) Secured Notes in the aggregate principal amount of $2,144,749,04 issued by Megunticook, as more specifically described as follows:

    a.    Loan No. 06103762-08 dated July 2, 2003, in the original principal amount of $493,895.25;

    b.    Loan No. 06103761-10 dated July 3, 2003 in the original principal amount of $150,000.00;

    c.    Loan No. 06103763-06 dated July 3, 2003 in the original principal amount of $29,961.00;

    d.    Loan No. 06103764-04 dated August 13, 2003 in the original principal amount of $1,000,000.00;

    e.    Loan No. 06103765-02 dated October 15, 2004 in the original principal amount of $295,932.14;

    f.    Loan No. 06103766-00 dated February 25, 2005 in the original principal amount of $174,960.65.

These six Secured Notes and respective Loan Agreements and Security

Agreements are hereafter collectively referred to as the "Loans." Each Loan provides for

interest to accrue at the annual rate of 4.59% from the respective date of issuance to the

date of payment. Each of the Loans remain unpaid as of the date of this Notice.

Pursuant to Paragraph 5 of the Bar Date Order, SBA was not required to file a

claim by the Claims Bar Date, but the Receiver's research indicates that each of the

Loans are outstanding liabilities of Megunticook, supported in part by the fact that

Megunticook's accounting books and records indicate that the Loans are unpaid.

Accordingly, the Receiver recommends that the Secured Notes payable to SBA, in the

aggregate principal amount of $2,144,749,04, together with all accrued interest, be paid

in full, after payment of administrative expenses of the receivership estate and prior to

partnership interests and equity claims against Megunticook.

C.    SBA's PREFERRED LIMITED PARTNERSHIP INTEREST

Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to

licensed SBICs. Pursuant thereto, SBA provided funds to Megunticook through the

purchase and/or guaranty of the following Participating Securities, a form of leverage, as

those terms are defined under the Regulations, in the total principal amount of

$31,700,000.00 as follows:

a. No. 02029051-08 in the amount of $10,000,000 disbursed on 11/15/99;
b. No. 02029052-06 in the amount of $8,000,000 disbursed on 3/10/00;
c. No. 02029053-04 in the amount of $6,700,000 disbursed on 7/14/00;
d. No. 02029054-02 in the amount of $2,500,000 disbursed on 12/20/00;
e. No. 02029055-00 in the amount of $750,000 disbursed on 4/25/01;
f. No. 02029056-09 in the amount of $1,500,000 disbursed on 7/27/01;
g. No. 02029057-07 in the amount of $1,150,000 disbursed on 1/25/02;
h. No. 02029058-05 in the amount of $1,100,000 disbursed on 5/24/02.

The Participating Securities are subject to and incorporated by reference in the

Regulations, including but not limited to 13 C.F.R. §§107.1820-1850 and §107.507.

Pursuant to Article IV, Paragraph 4.6 of the "SBA Annex PS", which is a part of

and incorporated into Megunticook's Agreement of Limited Partnership dated January

29, 1999 (the "Limited Partnership Agreement"), "… the Preferred Limited Partnership

Interests shall be senior in priority to all other partnership interests (or equity interests) in

the Partnership …. as provided in the SBIC Act." Therefore, SBA's Preferred Limited

Partnership Interest is payable from residual assets, after payment in full of

administrative expenses of the receivership, including Receiver's Certificates, if any, and

after payment of claims of creditors, and prior to payment to all other partnership

interests or equity interests of Megunticook.

D.    CLAIMS OF PRIVATE LIMITED PARTNERS AND EQUITY CLAIMS

After payment in full of amounts due to administrative expenses, Receiver's

Certificates, creditor claims, and SBA's Preferred Limited Partnership Interest, the

Receiver recommends that any residual assets be paid to the Private Limited Partners of

Megunticook in accordance with the provisions contained in Megunticook's Limited

Partnership Agreement.

## IV. CONCLUSION

Paragraph 7 of the Bar Date Order provides that, in the event the Receiver has recommended denial of any claim, such claimant may respond in opposition within thirty (30) days, and this "Court will resolve said claim(s) expeditiously through a summary procedure that this Court will determine at that time". In that situation, the Receiver would recommend that this Court require that any claimant contesting the disposition of a claim or the priority thereof file a Motion in opposition and a Brief in support of its Motion within thirty (30) days of the date of entry of the Court's Order herein. However, in the instant case, the Receiver has not recommended denial of any claim, so a summary procedure is not necessary. Therefore, the Receiver respectfully recommends that this Court not establish a summary procedure in this case.

The Receiver further respectfully recommends that this Court approve the following priority of payment of expenses and claims: 1) administrative expenses of the Receivership, including Receiver's Certificates, if any; 2) the total amount of the SBA's creditor claim for Notes Receivable described in Section III. B above; 3) SBA's Preferred Limited Partnership Interest, evidenced by the Participating Securities, including but not limited to accrued interest owing on the principal amounts of the Participating Securities, and 4) all other equity claims of Megunticook, including claims of the Private Limited Partners of Megunticook, as provided in Megunticook's Limited Partnership Agreement.

Based on the foregoing, the Receiver respectfully requests that this Court, based upon its review of this Notice and in consideration of the merits, enter an Order establishing the priority and disposition of the claims as recommended herein.

Respectfully submitted,

Dated: 2/22/06

Christine M. Rishty
Principal Agent for the Receiver
U.S. Small Business Administration as
Receiver for The Megunticook Fund, L.P.
666 11th Street, N.W., Suite 200
Washington, D.C. 20001
Telephone: (202) 504-2244
Facsimile: (202) 504-2247

# PUBLISHER'S CERTIFICATE

Commonwealth of Massachusetts } ss.
County of Suffolk

On this _____ _12TH_ _____ day of _December_ A.D. 20 _05_
personally appeared before the undersigned, a Notary Public, within and for

the said county, _Judith A Presutti_

of the _Boston Herald_ a newspaper published by
Boston Herald, Inc., in Boston, County of Suffolk, in the Commonwealth of
Massachusetts, and who being duly sworn, states on oath that the

_Mequnticook Fund_ advertisement
was published in said newspaper in its issues of

_November 18, 25_ A.D. 20 _05_

Subscribed and sworn to before me this _10th_

day of _December_ A.D. 20 _05_

Notary Public

NOTICE TO ALL CREDITORS OR CLAIMANTS OF THE MEQUNTICOOK FUND, L.P.

By Order of the U.S. District Court for the District of Massachusetts, dated November 23, 2005, persons or entities who wish to assert a claim against the Mequnticook Fund, L.P. A claim must do so by filing a written claim with the Receiver on or before Friday, December 30, 2005. All previously submitted claims against the Fund or its Receiver must be resubmitted in accordance with this Notice.

The Mequnticook Fund, a Delaware limited partnership, is a Small Business Investment Company ("SBIC") licensed by the U.S. Small Business Administration ("SBA"). The Fund was placed into receivership since August 24, 2005, by Order of the Court identified above, and the Receiver was appointed in the above-named action, No. 05-11677-DPW.

Any person or entity asserting a claim against the Fund or assets or funds in the hands of the Receiver must do so in writing, and forward such claim to:

SBA Receiver for the Mequnticook Fund, L.P. Attention: Chris Chwedyk, Principal Agent 666 11th Street, N.W., Suite 200 Washington, D.C. 20001-4542

Claims must be received no later than 5:00 p.m. on December 30, 2005. Friday. Your claim must state: (1) the full name, address and telephone number of the claimant, (2) the amount of the claim, (3) the date on which each claim is based and (4) a short statement describing the basis of the claim. If you are claiming to have been damaged by the Fund or the Receiver, and materials which support the claim, or which the Receiver might require in evaluating the claim. If you fail to provide all the specified information your claim will be rejected as incomplete and untimely.

Failure to present a complete and timely claim to the Receiver on or before Friday, December 30, 2005 will result in your claim being barred, and you will not thereafter be able to file any claim against the Fund, or any other assets or funds in the possession of the Receiver.

U.S. SMALL BUSINESS ADMINISTRATION as Receiver for the Mequnticook Fund, L.P. Nov 18, 25

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | **05-11677 DPW** |
| | ) | |
| v. | ) | |
| | ) | |
| **THE MEGUNTICOOK FUND, L.P.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on the Motion of the U. S. Small Business

Administration ("SBA") as Receiver ("Receiver") for The Megunticook Fund, L.P.

("Megunticook") for Entry of An Order Approving the Notice and Determination of Claims,

Memorandum in Support of Motion, and Receiver's Notice and Determination of Claims

Received in Response to the Claims Bar Date. After reviewing the pleadings,

IT IS HEREBY ORDERED THAT:

1.    The Receiver's Motion is GRANTED in its entirety;

2.    The Receiver's Notice and Determination of Claims, and the Receiver's

recommendations therein are APPROVED; and

3.     After payment of receivership administrative expenses, remaining assets of the

Megunticook receivership estate will be applied next towards  a) Receiver Certificates, if any;

then to b)  payment of SBA's $2,144,749,04 claim for Secured Notes Receivable, including all

accrued interest thereon; then to c)  the Preferred Limited Partnership Interest of the U.S. Small

Business Administration ("SBA"), which includes principal of $31,700,000 plus prioritized

payments as those payments become due; and then to d) the Private Limited Partners of Megunticook as provided in the Agreement of Limited Partnership dated January 19, 1999; and

5.    The Receiver is hereby authorized to make partial payments from receivership funds to the SBA in partial satisfaction of its creditor claim for Secured Notes Receivable in such amounts as the Receiver deems appropriate, without further prior order of this Court; and

6.    This Order shall become a Final Order thirty (30) days after service hereof by the Receiver to any persons who failed to file claims pursuant to the terms of this Court's Order entered November 1, 2005 establishing the Claims Bar Date, and all such persons shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any pre-receivership claim (i.e., arising before August 22, 2005) against Megunticook, the Receiver, their successors and assigns or assets or funds in the possession of the Receiver.

IT IS SO ORDERED, this _____ day of_____, 2006.

_____
THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT COURT JUDGE